IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GERARDO GARCIA,

    Plaintiff,

  v.

OREGON DEPARTMENT OF
CORRECTIONS, NORTHWEST
COMMISSARY PHOTOSHOP,

    Defendants.

No. 6:20-cv-00554-HZ

OPINION & ORDER

HERNÁNDEZ, District Judge:

    Plaintiff Gerardo Garcia brings this action, alleging that Defendants infringed Plaintiff's intellectual property. Before the Court is Defendants' motion to dismiss. For the reasons that follow, the motion is granted.

## BACKGROUND

    Plaintiff, an inmate at the Two Rivers Correctional Institution, alleges that Defendants Oregon Department of Corrections (ODOC) and Northwest Commissary-Photoshop are liable

1 – OPINION & ORDER

for the infringement of Plaintiff's intellectual property. Compl. at 4, ECF 2. According to Plaintiff, Northwest Commissary downloaded Plaintiff's "personal and original artwork from Plaintiff's photo gallery" on GettingOut.com, a site that "inmates in prison populations use to contact family and take photos."[1] *Id.* Without Plaintiff' permission, Northwest Commissary then printed this artwork on stationary, and, in 2017, began selling this stationary in prisons throughout the Northwest. *Id.*

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the Court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[1] According to Plaintiff, this website is "strictly monitored and controlled by [O]DOC employees." *Id.*

(internal quotation marks omitted). A complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

When a plaintiff is pro se, the Court construes the pleadings liberally and affords Plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez v. Wash. Ct.y*, 88 F.3d 804, 806 (9th Cir. 1996).

## DISCUSSION

Defendants move to dismiss the complaint, arguing that Plaintiff's claim is brought under 42 U.S.C. § 1983 and therefore barred (1) as untimely under the statute of limitations and (2) because "copyright infringement is not a constitutional or other right enforceable through 42 U.S. Section 1983." Defs. Mot. Dismiss 4, ECF 18. In the alternative, Defendants argue that Plaintiff cannot establish copyright infringement because he has not alleged that he registered his artwork for copyright protection.

In his response, Plaintiff argues that he did not intend to bring a claim under 42 U.S.C. § 1983; he intended to bring a claim for copyright infringement under Title 17.[2] He also appears to argue that registration is not necessary for copyright protection, and, alternatively, that his claim falls within an exception to the registration requirement.

Copyright protection attaches to "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a). As explained by the Supreme Court, "[a]n author gains 'exclusive rights' in her work immediately upon the work's creation, including rights of

---

[2] To the extent Plaintiff's response can be read to assert a takings claim under the Fifth Amendment, the Court agrees that this claim is barred by a two-year statute of limitations. *See Hacienda Valley Mobile Estates v. City of Morgan*, 353 F.3d 651 (9th Cir. 2003) ("Taking claims must be brought under § 1983"); *Douglas v. Noelle*, 567 F3d 1103, 1109 (9th Cir. 2009) (§1983 claims in Oregon are governed by a two-year statute of limitations).

3 – OPINION & ORDER

reproduction, distribution, and display." *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019).

> Before pursuing an infringement claim in court, however, a copyright claimant generally must comply with § 411(a)'s requirement that "registration of the copyright claim has been made." § 411(a). Therefore, although an owner's rights exist apart from registration, *see* § 408(a), registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights.

*Id.* In other words, while Plaintiff is correct that registration is not required to establish a copyright, registration is generally required prior to bringing any action. *See Cosmetic Ideas, Inc. v. IAC/Interactive Corp.*, 606 F.3d 612, 619 (9th Cir. 2010).

There are, however, exceptions to this requirement. For example, a plaintiff may file a civil action as to rights of attribution and integrity under 17 U.S.C. § 106A(a) (the "Visual Artists Rights Act" or "VARA"), even if the underlying copyright has not been registered. 17 U.S.C. § 411(a). VARA protects "two 'moral rights' of artists—the rights of 'integrity' and 'attribution.'" *Cort v. St. Paul Fire and Marine Ins. Companies, Inc.*, 311 F.3d 979 (9th Cir. 2002).

Here, Plaintiff's complaint is titled "Civil Rights Complaint" and cites "Amendment V" as the basis for Plaintiff' claim. While Plaintiff argues he intended to bring his claim under the Copyright Act—and indeed, the complaint references Plaintiff's intellectual property and "Title 17 U.S.C. 106–122"—the complaint does not reveal any intent to bring a claim under VARA or allege that Plaintiff has registered any copyright. Should Plaintiff wish to allege a claim under VARA, he may do so in an amended complaint.[3] If Plaintiff can, in good faith, allege that he has registered the copyright at issue, he may also bring a claim for copyright infringement. The motion to dismiss is therefore granted with leave to amend.

---

[3] Defendants do not raise any argument as to whether Plaintiff has alleged a VARA claim.

**CONCLUSION**

Defendant's motion to dismiss [16] is GRANTED with leave to amend. Plaintiff may file an amended complaint with 21 days of the date of this order.

IT IS SO ORDERED.

Dated: _____September 22, 2020_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

5 – OPINION & ORDER